IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA : 
v. : CR. No. CR 08-07 ML
CHRISTOPHER M. THIBODEAU :

# PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States (United States or government) and Defendant CHRISTOPHER M. THIBODEAU have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a two-count Information which charges Defendant with knowingly, intentionally and wilfully conspiring to commit an offense against the United States of America, namely, by force, violence and intimidation, to knowingly take from the person and presence of another, money, namely approximately thirty-seven thousand five hundred fifty-three (37,553) dollars belonging to and in the care, custody, control, management and possession of Bank Rhode Island, the deposits of which were then insured by the Federal Deposit and Insurance Corporation, in violation of 18 U.S.C. § 371 (Count I); and by force, violence and intimidation, to knowingly take from the person and presence of another, money, namely approximately thirty-seven thousand five hundred fifty-three (37,553) dollars belonging to and in the care, custody, control, management and possession of Bank Rhode Island, the deposits of which were then insured by the Federal Deposit and Insurance Corporation, and in committing such offense to knowingly assault and put in jeopardy

the life of another person by use of a dangerous weapon, in violation of 18 U.S.C. §§ 2 and 2113(a) & (d) (Count II).

Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government has the right to recommend a term of imprisonment up to the statutory maximum term of imprisonment. Under a Sentencing Guidelines (the guidelines or Sentencing Guidelines) analysis, the government reserves the right to move for an upward departure under the advisory Sentencing Guidelines on the grounds of understated criminal history.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters his plea of guilty pursuant to this agreement, the government will move the sentencing court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government agrees not to bring any additional charges against Defendant which could arise out of the robbery on June 29, 2007 of the Bank Rhode Island branch located on Plainfield Pike in Cranston, Rhode Island.

e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

f. The government reserves the right to recommend the imposition of a consecutive term of imprisonment upon Defendant as a violator of a previously imposed term of supervised release in criminal case number 94-024L.

3. Defendant understands that under this agreement, he may advocate for any sentence.

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

a. Bank Rhode Island is a financial institution (§ 2B3.1(b)(1)); and

b. A dangerous weapon was brandished or possessed (§ 2B3.1(b)(2)(E)); and

c. The loss was $37,553 (§ 2B3.1(b)(7)(B)).

5. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

6. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

7. The maximum statutory penalties for the offenses to which Defendant is pleading are:

Count I:

a. five (5) years imprisonment; and

b. a fine of $250,000; and

c. a term of supervised release of three (3) years; and

d. a mandatory special assessment of $100.

Count II:

a. twenty-five (25) years imprisonment; and

b. a fine of $250,000; and

c. a term of supervised release of five (5) years; and

d. a mandatory special assessment of $100.

If the sentences on both Counts were imposed consecutively, the maximum statutory penalties would be: thirty (30) years imprisonment; a fine of $500,000; and a term of supervised release of five (5) years. The total mandatory special assessment is $200.

7. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that the defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

g. Defendant has also been advised and understands that items of physical evidence are in the possession of the government. Defendant further understands that the government does not intend to conduct DNA testing of any of these items. Defendant further understands that he could request DNA testing of evidence in this case in the current proceedings. Defendant further understands that if the Court enters a judgment of conviction for the offenses to which he is about to plead guilty, Defendant could request DNA testing of evidence in this case after his conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding his right to request DNA testing, Defendant knowingly and voluntarily waives and gives up that right. Defendant further understands he will never have another opportunity to have the evidence in this

case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he is pleading guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2, 3, and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guidelines determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that he has the right to file a direct appeal, a collateral attack under 28 U.S.C. § 2255, or other requests for post-conviction relief. Defendant hereby waives his right to file a direct appeal if the sentence imposed is within the guidelines range as determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

Christopher M. Thibodeau
CHRISTOPHER M. THIBODEAU
Defendant

1-29-08
Date

John M Cicilline
JOHN M. CICILLINE, ESQ.
Counsel for Defendant

1-29-08
Date

Kenneth P. Madden
KENNETH P. MADDEN
Assistant U. S. Attorney

1-30-2008
Date

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
Chief, Criminal Division

01/30/2008
Date